# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | | |
| BOBBIE LEAUMONT, | * | |
| | * | No. 18-258V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | |
| | * | Filed: October 6, 2022 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Entitlement; dismissal. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | | |

<u>John R. Howie, Jr.</u>, Howie Law, P.C., Dallas, TX, for petitioner;
<u>Camille M. Collett</u>, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Bobbie Leaumont alleged that the influenza ("flu") vaccine she received on October 6, 2015, caused her to suffer from transverse myelitis. Pet., filed Feb. 20, 2018, at Preamble; ¶ 40. On October 6, 2022, Ms. Leaumont moved for a decision dismissing her petition.

### I. Procedural History

Bobbie Leaumont ("petitioner") filed a petition on February 20, 2017. After petitioner filed her initial medical records, the Secretary ("respondent") filed his Rule 4(c) report on March 19, 2019, contesting entitlement. A status conference

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires the Court to post this decision to its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

was then held on April 24, 2019.  Petitioner was then ordered to file an expert report in support of her case.

Petitioner filed reports from Dr. Steven Lovitt, Dr. John Freiberg, Dr. Jesus Lovera, and Dr. Ricardo Sorensen.  Respondent filed expert reports authored by Dr. Norman Werdiger and Dr. Robert Fujinami.  The petitioner then filed supplemental reports, and respondent filed responsive reports.

During a March 28, 2022 status conference, petitioner indicated she did not plan to file any additional reports, and respondent requested a preliminary assessment of the case.

On September 19, 2022, the undersigned issued tentative findings.  The undersigned tentatively found that Ms. Leaumont had not met her burden of establishing (1) molecular mimicry as a persuasive theory explaining how a flu vaccine can cause TM, and (2) that onset of TM two days after a flu vaccination is an appropriate interval in which an adaptive immune response would manifest.

A status conference was held on October 6, 2022 to discuss the tentative findings.  Later that day, petitioner moved for a decision dismissing her petition.  As such, this case is ripe for adjudication.

## II.  Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).

In this case, petitioner filed medical records and expert reports in support of her claim, but nonetheless, wishes to have her claim dismissed and judgment entered against her.  Petitioner stated her intent to elect to accept the Program judgment against her, pursuant to 42 USC § 300aa-21(a)(2), and noted she does not intend to protect her rights to file a civil action in the future.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, although the parties were in the process of presenting arguments, the evidence weighs against a finding that petitioner developed TM because of a vaccine. In an Off-Table case, petitioners must show that the interval between the vaccination and the onset of her condition is appropriate for inferring causation. See Bazan v. Sec'y of Health and Hum. Servs., 539 F.3d 1347, 1352 (Fed. Cir. 208). Petitioners must also produce a theory explaining how a vaccine can cause her condition. See Boatmon v. Sec'y of Health and Hum. Servs., 941 F.3d 1351 (Fed. Cir. 2019). As discussed, petitioner has not established her burden.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master