# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * *
BOBBIE LEAUMONT,　　　　　　　　＊
　　　　　　　　　　　　　　　　＊　　No. 18-258V
　　　　　　Petitioner,　　　　＊　　Special Master Christian J. Moran
　　　　　　　　　　　　　　　　＊
v.　　　　　　　　　　　　　　　＊　　Filed: January 23, 2024
　　　　　　　　　　　　　　　　＊
SECRETARY OF HEALTH　　　　　　＊
AND HUMAN SERVICES,　　　　　　＊
　　　　　　　　　　　　　　　　＊
　　　　　　Respondent.　　　　＊
* * * * * * * * * * * * * * * * * * * * *

John R. Howie, Jr., Howie Law, P.C., Dallas, TX, for Petitioner;
Camille M. Collet, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

  Pending before the Court is petitioner Bobbie Leaumont's motion for final attorneys' fees and costs. She is awarded $139,993.00.

         \*   \*   \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Bobbie Leaumont alleged that the influenza ("flu") vaccine she received on October 6, 2015, caused her to suffer from transverse myelitis. Pet. filed Feb. 20, 2018, at Preamble; ¶ 40. Following respondent's contesting of entitlement, the parties retained medical experts, with petitioner retaining Dr. Steven Lovitt and Dr. Ricardo Sorensen.[2] Following the submission of several reports from both sides, the parties requested the undersigned to make an informal assessment pursuant to Vaccine Rule 5. On September 19, 2022, the undersigned issued a tentative finding denying entitlement. Thereafter, petitioner filed an unopposed motion to voluntarily dismiss her claim on October 6, 2022. On the same day, the undersigned issued his decision dismissing the petition. 2022 WL 15883354.

On February 24, 2023, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $125,980.00 and attorneys' costs of $14,413.60 for a total request of $140,393.60. Fees App. at 1. Pursuant to General Order No. 9, counsel for petitioner warrants that she has not personally incurred any costs related to the prosecution of her case. Fees App. Ex. 4. On March 1, 2023, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner filed her reply that same day stating she "does not intend to file a substantive reply to Respondent's response". Reply at 1.

\*   \*   \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that the claim has good faith and reasonable basis. Respondent's position greatly contributes to the finding of reasonable basis. See

---

[2] Other work submitted into the record was performed by Dr. Paul Kim, a neuro-radiologist who reviewed petitioner's MRIs; Dr. Jesus Lovera, petitioner's treating neuroimmunologist; and Dr. John Freiberg, her treating neurologist. None of these individuals requested or received compensation for their work. Fees App. at 13.

Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.  Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Petitioner requests the following rates for her attorneys, based on the years' work was performed:

| Attorneys | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|---|---|
| John Howie | $363 | $363 | $395 | $420 | $441 | $466 | $466 |
| Zara Najam | $233 | - | - | - | - | - | - |
| Michael Gross | $160 | $160 | $182 | - | - | - | - |
| **Paralegal** | | | | | | | |

| Debbie Lupo | $140 | $148 | - | - | - | - | - |
| Ashley Long | - | $140 | $145 | - | - | - | - |
| Elisa Bautista | $50 | $65 | $80 | $120 | $148 | $160 | $160 |

These rates are consistent with what Mr. Howie and his staff have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein for work performed in the instant case. See Colbert v. Sec'y of Health & Human Servs., No.18-166V, 2023 WL 3059221 (Fed. Cl. Spec. Mstr. Apr. 24, 2023).

  B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable. Therefore, petitioner is awarded final attorneys' fees in the amount of $125,980.00.

  C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $14,413.00 in attorneys' costs. This amount is for acquisition of medical records, the Court's filing fee, postage, and work performed by petitioner's medical experts, Dr. Steve Lovitt, Dr. David Axelrod, and Dr. Derrick Smith. The undersigned shall discuss these expert costs in turn.

For the work of Dr. Lovitt, petitioner requests a total of $7,900.00 representing 11 hours billed at $500.00 per hour and 4 hours billed at $600.00 per hour. Fees App. Ex. 5 at 2 - 4. Dr. Lovitt work consisted of records review, medical literature research and drafting two reports. Previously Dr. Lovitt has been


awarded rates between $350.00 per hour and $500.00 per hour.[3] In this instance the undersigned finds that based on Dr. Lovitt's continued experience in the vaccine program, the rate of $500.00 per hour would be reasonable. After an adjustment of Dr. Lovitt's rates billed at $600.00 per hour, petitioner is awarded the amount of $7,500.00.[4]

For the work of Dr. Axelrod, petitioner requests a total of $2,868.00, representing 7.17 hours billed at the rate of $400.00 per hour for work consisting of research. Fees App. Ex. 5 at 6. This rate has been previously awarded for work performed by Dr. Axelrod and the undersigned finds the rate to be reasonable in this matter as well. See Druery v. Sec'y of Health & Human Servs., No. 17-1213V, 2020 WL 5743105 (Fed. Cl. Spec. Mstr. Aug. 17, 2020).

Dr. Smith billed a $2,000.00 retainer to review and confer with Mr. Howie for potential use as an expert in this matter. However, due to time constraints, Dr. Smith was unable to perform work as an expert and only charged the retainer amount of $2,000.00. The undersigned finds the overall amount to be reasonable and will award the full amount.

The remainder of the costs have been supported by the necessary documentation and are reasonable in the undersigned's experience. Petitioner is therefore awarded final costs of $14,013.00.

D.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$139,993.00** (representing $125,980.00 in attorneys' fees and $14,013.00 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and his attorney, Mr. John R. Howie.

---

[3] The undersigned has previously awarded Dr. Lovitt the hourly rate of $350.00 for time billed between 2016 – 2019. See Spracklen v. Sec'y of Health & Human Servs., 16-559V, 2020 WL 3577854 (Fed. Cl. Spec. Mstr. Jun. 10, 2020). To date the undersigned has not awarded Dr. Lovitt an hourly rate after 2019.

[4] $7,900.00 - $400.00 = $7,500.00.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED**.

<div style="text-align: right">

s/Christian J. Moran
Christian J. Moran
Special Master

</div>

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

